IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cr-20127-STA-jay |
| ) | |
| JOHNNIE TRENNELL, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL[1]

Before the Court is a letter from Defendant Johnnie Trennell filed on July 7, 2021 (ECF No. 77), which the Court interprets as a motion for appointment of "competent" counsel to address claims under the First Step Act and under 28 U.S.C. § 2241. The Court notes that, on April 13, 2020, Trennell requested a review of his sentence in light of the First Step Act of 2018, arguing that his prior convictions could not be used towards calculating his sentence because they were covered offenses under the First Step Act. (ECF No. 72.) Pursuant to this request, Assistant Public Defender, LaRonda Martin, entered her appearance as counsel for Trennell. (ECF No. 73.) On June 16, 2020, Assistant Federal Defender Martin filed a Notice of Completed Review, indicating that Trennell's offenses are not "covered offense(s)" modified by section 2 or 3 of the Fair Sentencing Act of 2010 and that he is therefore not eligible for relief pursuant to Section 404 of the First Step Act of 2018. Trennell's instant letter argues that "instead of Section 104 of the First Step Act" he would like counsel to file under "Sections 101 and 102" of the Act.

---

[1] The Clerk is **DIRECTED** to send Trennell the Court's § 2241 form.

1

Preliminarily, the Court notes that Sections 101 and 102 of the First Step Act are not applicable to Trennell's claims relating to whether his prior convictions were incorrectly factored into his sentence. This is also the first mention in the record that Trennell has made regarding a potential § 2241 claim.

There is no right to counsel in postconviction proceedings, see *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and most applicants proceed *pro se*. *Garza v. Idaho*, 139 S. Ct. 738, 749, 203 L. Ed. 2d 77 (2019). Federal law is clear that a criminal defendant's right to counsel extends only to his first direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. § 1915(e) ("The court *may request* an attorney to represent any person unable to afford counsel.") (emphasis added); *Reneer v. Sewell,* 975 F.2d 258, 261 (6th Cir.1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights.") (citations and internal quotation marks omitted). Such an appointment in a civil case is not a constitutional right; rather, "it is a privilege that is justified only by exceptional circumstances." *Richmond v. Settles*, 450 F.App'x 448, 452 (6th Cir. 2011) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)).

In this case, the Court has already appointed Trennell counsel to review his claim under the First Step Act of 2018 and after diligent review counsel found that he was not entitled to relief. Contrary to Trennell's assertion, counsel considered the argument raised in Trennell's request for review – that his prior convictions were "covered offenses," possibly warranting a sentence reduction under the First Step Act of 2018. Trennell does not offer any competing rationale for

why counsel's determination was made in error, rather, he makes the conclusory statement that a motion under Sections 101 and 102 of the First Step Act will result in a sentence reduction. Neither does he make an effort to establish, as is his burden, that "exceptional circumstances" exist warranting a second appointment of counsel to newly review his First Step Act claims and to file a habeas corpus petition on his behalf. Finally, to the extent that Trennell seeks to file a habeas corpus petition pursuant to 28 U.S.C. § 2241 he must briefly state the supporting facts for each ground for relief without including irrelevant allegations. The official form for petitions under 28 U.S.C. § 2241 will assist him in doing so. For the above reasons, the Court is constrained to **DENY** Trennell's request for appointment of counsel.

    **IT IS SO ORDERED**.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 16, 2021.